# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHELLY S. SMITH,
                    Appellant,

            v.

DEPARTMENT OF THE ARMY,
                    Agency.

DOCKET NUMBER
SF-1221-12-0349-W-6

DATE: July 27, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shelly S. Smith, Monterey, California, pro se.

Michael L. Halperin, Esquire, Monterey, California, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant was employed as an Assistant Professor in the Hebrew Department of the Defense Language Institute Foreign Language Center. *Smith v. Department of the Army*, MSPB Docket No. SF-1221-12-0349-W-4, Appeal File (W-4 AF), Tab 18 at 14. In June 2008, she filed a complaint with the Office of Special Counsel (OSC) alleging reprisal for whistleblowing. *Smith v. Department of the Army*, MSPB Docket No. SF-1221-12-0349-W-1, Initial Appeal File (W-1 IAF), Tab 1 at 7-31. The appellant alleged in her OSC complaint that the agency took a series of personnel actions against her in reprisal for disclosures she made beginning in 2007. The appellant later amended her complaint and filed a second OSC complaint to allege additional acts of whistleblower reprisal. *Smith v. Department of the Army*, MSPB Docket No. SF-1221-12-0349-W-2, Appeal File (W-2 AF), Tab 4. OSC closed its investigation into the appellant's complaints in January 2012, and the appellant timely filed this IRA appeal in March 2012. W-1 IAF, Tab 1.

¶3 After holding a videoconference hearing over the course of 6 days in May 2017, the administrative judge issued an initial decision denying the

appellant's request for corrective action. *Smith v. Department of the Army*, MSPB Docket No. SF-1221-12-0349-W-6, Appeal File (W-6 AF), Tab 55, Initial Decision (ID).[2] The administrative judge found that the appellant proved that she made a protected disclosure that was a contributing factor in some of the alleged retaliatory personnel actions, but that the agency proved by clear and convincing evidence that it would have taken those actions in the absence of the appellant's disclosures. *Id.*

¶4 On petition for review, the appellant raises both procedural and substantive objections to the administrative judge's handling of her appeal. Procedurally, she argues that the administrative judge erred in failing to delay the hearing for an additional 6 months, denying several of the appellant's requested witnesses, and limiting the duration of the appellant's own testimony during the hearing. Petition for Review (PFR) File, Tab 5 at 3-4, 8-10, 12-14. She also accuses the agency of obstructing justice by failing to provide certain evidence to OSC. *Id.* at 5. Substantively, the appellant argues that the administrative judge erred in her credibility determinations and ignored evidence favorable to the appellant. *Id.* at 5-12. She also challenges, among other things, the administrative judge's findings that she failed to exhaust one of her claims before OSC and that some of her alleged disclosures were not protected. *Id.* at 10-47. The appellant also accuses the administrative judge of pro-agency bias. *Id.* at 4, 10, 42-43. The agency has responded in opposition to the petition for review, PFR File, Tab 7, and the appellant has filed a reply, PFR File, Tab 10.

¶5 The appellant's principal argument on review is that the administrative judge erred in failing to delay the hearing for an additional 6 months. She argues

---

[2] The appeal was dismissed without prejudice a total of five times. In each case, the administrative judge dismissed the appeal at least in part in response to the appellant's request for additional time to prepare for the hearing. W-1 IAF, Tab 23-24; W-2 AF, Tabs 12-13; *Smith v. Department of the Army*, MSPB Docket No. SF-1221-12-0349-W-3, Appeal File, Tab 6; W-4 AF, Tab 15; *Smith v. Department of the Army*, MSPB Docket No. SF-1221-12-0349-W-5, Appeal File, Tab 14.

that the administrative judge's decision not to delay the hearing denied her due process and resulted in an evidentiary record that was not fully developed. PFR File, Tab 5 at 3-4. An administrative judge is authorized to postpone a hearing upon a showing of good cause, 5 C.F.R. § 1201.51(c), and the Board reviews an administrative judge's decision to deny a postponement request under an abuse of discretion standard, *see McCarthy v. International Boundary and Water Commission*, 116 M.S.P.R. 594, ¶¶ 22-23 (2011), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012). In denying the appellant's postponement request, the administrative judge noted that she had already dismissed the appeal without prejudice five times and granted an additional postponement of more than a month. W-6 AF, Tab 46 at 1-2. We find no abuse of discretion in the administrative judge's decision. The appellant had more than 5 years from the time she first filed her appeal to prepare for the hearing, and she has not established that she was entitled to an additional 6 months.

¶6        The appellant also argues on review that the administrative judge abused her discretion when she denied several of the appellant's requested witnesses. PFR File, Tab 5 at 8-10. An administrative judge has wide discretion to control the proceedings, including the authority to exclude testimony she believes would be irrelevant, immaterial, or unduly repetitious. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 12 (2013); 5 C.F.R. § 1201.41(b). The Board has held that in order to obtain reversal of an initial decision on the ground that the administrative judge abused her discretion in excluding evidence, the petitioning party must show on review that relevant evidence, which could have affected the outcome, was disallowed. *Vaughn*, 119 M.S.P.R. 605, ¶ 12. The appellant initially requested to call 31 witnesses, W-6 AF, Tab 27 at 42-49. During the prehearing conference, the appellant withdrew one of her requested witnesses. W-6 AF, Tab 39 at 4. The administrative judge approved 13 of the appellant's 30 remaining witnesses and identified 3 others as potential rebuttal witnesses. *Id.* The appellant's vague assertions on review that the administrative judge erred in

disallowing additional witnesses do not show that their testimony would have been relevant, material, not repetitious, or that they could have affected the outcome.[3]

¶7        The appellant accuses the agency of obstructing justice by withholding documents from OSC.  PFR File, Tab 5 at 5.  However, the appellant herself acknowledges that the agency provided the documents in question to OSC in April 2011, *id.*, almost a year before OSC closed its investigation and approximately 6 years before the close of the record before the administrative judge.  Thus, even if the appellant is correct that the agency failed to timely produce the documents to OSC, she has not shown why that warrants a different outcome in this appeal.

¶8        The appellant argues that the administrative judge erred in her credibility determinations.  PFR File, Tab 5 at 7, 10-12, 28-29, 31-32, 35, 36, 43, 44.  When an administrative judge has held a hearing and has made credibility determinations that were explicitly or implicitly based on the witness's demeanor while testifying, the Board must defer to those credibility determinations and may overturn such determinations only when it has "sufficiently sound" reasons for doing so.  *Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016); *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).  Here, the administrative judge appropriately relied on the factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), to assess the credibility of numerous witnesses as to various disputed factual matters.  ID at 9, 13, 16, 27, 28, 30, 31, 33-34, 37, 39, 42-43, 45, 48, 49, 54, 55, 61-62, 68.  Given the administrative judge's demeanor-based findings, we find that the appellant has failed to provide a "sufficiently sound" reason to disturb these conclusions.

---

[3] Given the administrative judge's wide discretion to control the proceedings, we also find no abuse of discretion in the administrative judge's decision to limit the appellant's direct testimony to 4 hours.

¶9      In addition to challenging the administrative judge's credibility determinations, the appellant argues more generally that the administrative judge "ignored" or gave insufficient weight to relevant evidence and arrived at the wrong conclusions.  PFR File, Tab 5 at 8-12, 14, 43.  We find that her arguments amount to nothing more than a disagreement with the administrative judge's conclusions, and we find no basis to disturb these findings, *see, e.g.*, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶10     The administrative judge found that the Board lacked authority to consider one of the appellant's alleged protected disclosures because the appellant failed to establish that she raised that disclosure before OSC.  ID at 4-5.  The appellant challenges that finding on review and cites emails in support of her assertion that she exhausted the disclosure in question.  PFR File, Tab 5 at 5-6, 48-51.  However, none of the emails cited by the appellant actually discuss the disclosure at issue, and therefore we find that the appellant has not established that she exhausted that disclosure before OSC.

¶11     The appellant also accuses the administrative judge of pro-agency bias in her procedural and evidentiary rulings.  PFR File, Tab 5 at 4, 10, 42-43.  In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators.  *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).  An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  The appellant's arguments on review, which do not relate to any

extrajudicial conduct by the administrative judge, neither overcome the presumption of honesty and integrity that accompanies an administrative judge nor establish that she showed a deep-seated favoritism or antagonism that would make fair judgment impossible. *See Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 19 (2016).

¶12      We have considered the appellant's other arguments on review, but we conclude that a different outcome is not warranted. Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  [5 U.S.C. § 7703](b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____/s/ for_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.